**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SENG HEE RYAN,**

        **Petitioner,**

**v.**                                          **Civil Action No. 2:08cv120
                                                  (Judge Maxwell)**

**JAMES N. CROSS,**

        **Respondent.**

### OPINION/REPORT AND RECOMMENDATION

### I.   Factual and Procedural History

The *pro se* petitioner initiated this § 2241 habeas corpus action on December 5, 2008. In the petition, the petitioner asserts that she has been improperly designated a sex offender by the Bureau of Prisons ("BOP"). As relief, the petitioner seeks appropriate agency review of her sex offender classification, removal of her sex offender status, reduction of her security level and transfer to a low security prison camp.

On January 7, 2009, the respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. In the motion, the respondent asserts that the petitioner's claims are not properly filed under § 2241 and that she failed to exhaust administrative remedies. Although the Court issued a Roseboro Notice on January 8, 2009, the petitioner did not file a response to the respondent's motion.

### II.   Standard of Review

**A.   Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-

pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.  Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material

facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### III. Analysis

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Thus, to determine whether § 2241 is the appropriate remedy in this case, the Court must review whether the petitioner challenges the fact or duration of his confinement, or the conditions of his confinement. See Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983).

Here, the petitioner does not attack the execution of her sentence. Instead, the petitioner challenges her sex offender classification by the BOP, its impact on her security level and the type of institution in which she is being housed. These factors are related solely to the conditions of the petitioner's confinement. In fact, were the petitioner to succeed on the merits of her claim, she would be, at best, entitled to a new classification level and transfer to a camp facility. The fact or duration of her confinement, however, would remain the same. Thus, it is clear that the petitioner's claims should have been raised pursuant to a civil rights complaint. Preiser at 499-500 (a civil

3

rights action is a proper remedy for a prisoner challenging the conditions of his prison life); see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (remedy lies in habeas corpus only if success necessarily demonstrates the invalidity of confinement or its duration). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket. See Richmond v. Scibana, 387 F.3d 602, 202 (7th Cir. 2004) (a habeas corpus petition may not be converted to a civil rights action, nor vice versa).

Assuming however, that this Court had the authority to convert the petitioner's habeas petition into a civil rights action, such action would not be proper in the instant case as the petitioner clearly did not exhaust her available administrative remedies prior to filing suit.

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added). Moreover, an inmate may procedurally default his claims by failing to follow the proper procedures. See Woodford v. Ngo,

---

[1] Id.

548 U.S.81 (2006) (recognizing the PLRA provisions contain a procedural default component).

The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at SFF-Hazelton, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

In the instant case, the petitioner completed only one level of the administrative process prior to filing her complaint. See Dckt. 6, Ex. 1 at Att. B. In fact, the petitioner initiated this case only one day after her Regional Appeal was received by the Mid-Atlantic Regional Director. *Id.* A response was not due on that appeal until January 16, 2009. *Id.* Thereafter, assuming the petitioner did not obtain relief at the Regional level, she would be required to file an appeal to the Office of General Counsel. The undersigned notes that, given the deadlines for the administrative process, it is possible that the petitioner has now exhausted her administrative remedies. See 28 C.F.R. §§ 542.15(a) and 542.18. That fact would be irrelevant, however, given that exhaustion is a prerequisite to suit and must be completed *prior to* the filing of a case.[2]

---

[2] The undersigned notes that had the petitioner completed the administrative process prior to filing suit, her request for appropriate review of her classification status would have been unnecessary.

## IV. Recommendation

For the foregoing reasons, it is recommended that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dckt. 5) be **GRANTED** and the petitioner's Application for Habeas Corpus Pursuant to § 2241 be **DENIED** and **DISMISSED without prejudice**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from **a** judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: April 29, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE